UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

BRUNSWICK DIVISION

| | |
|---|---|
| CARL DRURY, | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. CV206-284 |
| | ) [Underlying CR201-028] |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Movant has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal prison sentence. The government has filed a motion to dismiss the instant motion as untimely. Doc. 9. Movant has filed a response in opposition to the government's motion to dismiss. Doc. 12. Because the motion is barred by the statute of limitations applicable to § 2255 motions, the Court recommends that the government's motion be GRANTED and the instant motion be DISMISSED.

**I.   Background**

On September 14, 2001, a grand jury indicted movant on four counts of using an interstate commerce facility in the commission of a murder for

hire in violation of 18 U.S.C. § 1958 and one count of possession of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(a). CR201-028, doc. 14. A jury convicted movant on all the counts charged in the indictment on February 21, 2002. Id., doc. 93. The Court sentenced movant to 144 months' imprisonment on the murder for hire counts and a consecutive 60 months' imprisonment on the possession of a firearm conviction. Id., doc. 98.

Movant appealed his convictions and sentences and the Eleventh Circuit affirmed them on January 18, 2005. United States v. Drury, 396 F.3d 1303 (11th Cir. 2005). The United States Supreme Court denied movant's petition for writ of certiorari on October 3, 2005. Drury v. United States, ___ U.S. ___, 126 S. Ct. 336 (2005). The Supreme Court denied rehearing on movant's petition on November 28, 2005. Drury v. United States, ___ U.S. ___, 126 S. Ct. 716 (2005). Movant, through counsel, filed the instant motion on November 27, 2006. Doc. 1.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended § 2255 to require a movant to file a § 2255 motion within one year

2

of the date his conviction becomes final. 28 U.S.C. § 2255 ¶6. Movant contends that his motion is timely filed because it was filed within one year after the Supreme Court denied his request for rehearing of the Court's denial of his petition for writ of certiorari. Docs. 1, 12. The government asserts that the instant motion is untimely since it was filed more than one year after the Supreme Court denied movant's petition for certiorari. Doc. 9. The resolution of the government's motion requires the Court to determine at which point a conviction becomes "final" for purposes of evaluating the timeliness of motions brought pursuant to § 2255.

The one-year limitations period applicable to motions made pursuant to § 2255 begins to run from the latest of several specified events. 28 U.S.C. § 2255 ¶6. In the instant case, the parties agree that the limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶6(1); see docs. 9, 12. The parties disagree over the meaning of the word "final" as included in this provision, however. The Eleventh Circuit has held that "a conviction is final on the day that the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits." Jones v. United States, 304 F.3d 1035, 1038 n.5

(11th Cir. 2002); see also Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001) (per curiam). Movant contends that his judgement of conviction did not become final until the date the Supreme Court denied his request for rehearing on the denial of his petition for a writ of certiorari. Docs. 1, 12.

Neither the Eleventh Circuit nor the Supreme Court has addressed the effect of filing a petition for rehearing on the date a convicted defendant's conviction becomes final for purposes of the commencement of the § 2255 limitations period. The Supreme Court has held that in the postconviction context, "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003) (deciding when finality attaches for purposes of postconviction review in a case where a federal prisoner brought an unsuccessful direct appeal but failed to petition for certorari). All of the circuit courts of appeals that have addressed the issue have rejected the notion that the limitations period runs from the denial of the motion for rehearing rather

4

than from the denial of the petition for writ of certiorari. See In re Smith, 436 F.3d 9, 10 (1st Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 284 (2006); Robinson v. United States, 416 F.3d 645, 650-51 (7th Cir. 2005), cert. denied, 126 S. Ct. 1343 (2006); Campa-Fabela v. United States, 339 F.3d 993, 994 (8th Cir. 2003) (per curiam), cert. denied, 541 U.S. 967 (2004); United States v. Segers, 271 F.3d 181, 184 n.2 (4th Cir. 2001) ("the filing in the Supreme Court of a petition for rehearing of the denial of a petition for certiorari has no effect on the finality of the judgment of conviction"); Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001) ("the critical difference for purposes of § 2255 ¶6(1) finality between a petition for rehearing before the court of appeals and before the Supreme Court is that the former automatically delays the termination of the court's involvement with the case and the latter does not. . . . [T]herefore . . . a defendant's conviction becomes "final" under § 2255 ¶6(1) when the Supreme Court denies the defendant's petition for writ of certiorari (absent a suspension order from the Court or a Justice), irrespective of the opportunity to petition the Supreme Court for rehearing."); United States v. Thomas, 203 F.3d 350, 356 (5th Cir. 2000); United States v. Willis, 202 F.3d 1279, 1280-

81 (10th Cir. 2000) ("judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed").

The decisions of these circuit courts specifically rely on Supreme Court Rule 16.3 which provides that

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice.

Sup. Ct. R. 16.3. This rule expressly provides that an order denying certiorari is effective immediately upon issuance absent a specific order of the Court or a Justice, and a judgment of conviction is appropriately considered final at that time. Accordingly, the Court finds the reasoning of these circuits persuasive and finds that a judgment of conviction becomes final for purposes of the § 2255 limitations period upon the Supreme Court's denial of a petition for writ of certiorari, rather than upon its disposition of a petition for rehearing.

The Supreme Court denied movant's petition for writ of certiorari on

October 3, 2005. Drury v. United States, 126 S. Ct. 336 (2005). The one-year statute of limitations began running at that time, and the last day for movant to file a timely motion pursuant to § 2255 was October 3, 2006. Movant filed the instant petition on November 27, 2006, some fifty-five days after the expiration of the limitations period. Consequently, movant's § 2255 motion should be DISMISSED as untimely.

Movant contends that if the Court finds that the limitations period has expired and his motion is untimely, then he is entitled to equitable tolling "given the unique circumstances of this case." Doc. 1. Movant further contends that if the Court finds that his motion is untimely and that equitable tolling is not appropriate, then his motion should be considered under the "actual innocence" exception to the § 2255 limitations period. Id.

Movant contends that he "did all he reasonably could to file his motion on time" and enumerates four specific circumstances that entitle him to equitable tolling. Doc. 12. First, movant states that he "necessarily had to enlist the aid of his sons . . . and rely on them to arrange for legal counsel to prepare and file a timely § 2255 motion." Id. Movant also states

that since he was incarcerated in a correctional facility in Oklahoma, he "was at an added disadvantage in that his sons were unable to visit him to consult about confidential legal matters as easily and as frequently as [he] would have been able to if he had been sent to a federal facility somewhere in the Southeastern United States." Id. Movant next contends that he consulted two attorneys who erroneously advised him that he had one year from the date of the denial of his rehearing petition to file the instant motion. Id. Movant finally asserts that "the Supreme Court Rules discussing the impact of filing for rehearings are less than clear, are confusing and, on their face, arguably conflict with each other" and since he is "untrained in the law, [his] confusion would have been far from unreasonable." Id.

"In the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002) (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). Equitable tolling is an extraordinary remedy which is typically applied sparingly. See

Irwin v. Department of Veterans' Affairs, 498 U.S. 89, 96 (1990). While movant's incarceration may have made it difficult for him to consult with his sons or attorneys, that is not a circumstance that warrants equitable tolling. Incarceration is a circumstance experienced by most individuals seeking relief pursuant to § 2255 and is not peculiar to this movant and is a far cry from the extraordinary circumstances which compel courts to exercise discretion and equitably toll the § 2255 limitations period. Additionally, the fact that movant was incarcerated in a facility that was further from his relatives than he would prefer also falls short of the category of extraordinary circumstances that will excuse an untimely habeas petition. The Bureau of Prisons considers a number of factors in making its decisions as to where to house inmates, and courts afford the Bureau great discretion in making those determinations. See 18 U.S.C. §3621(b) (providing that the Bureau of Prisons "may designate any available penal or correctional facility that meets the minimum of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau

determines to be appropriate and suitable"). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238 (1983). The fact that movant was incarcerated in Oklahoma rather than in the Southeastern United States and was inconvenienced in communicating with his sons and attorneys is simply not the type of extraordinary circumstance which would justify application of the equitable tolling doctrine.

Movant's assertions that he received erroneous legal advice from multiple attorneys also fails to support his assertions for equitable tolling. Mere "attorney negligence is not a basis for equitable tolling, especially when [movant] cannot establish his own diligence in ascertaining the federal habeas filing deadline." Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005). "An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling. . . . Any miscalculation or misrepresentation by [movant's] attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." Steed v. Head, 219 F.3d 1298, 1300

(11th Cir. 2000). Consequently, movant is not entitled to equitable relief based on the erroneous advice he received concerning the proper deadline for filing his § 2255 motion. Movant's contention that he is untrained in the law also fails to form a sufficient basis for the exercise of equitable tolling, for "[i]gnorance of the law usually is not a factor that can warrant equitable tolling." Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir. 1997); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999) (petitioner's unfamiliarity with the legal process is not a circumstance warranting equitable tolling, whether the unfamiliarity is due to illiteracy or any other reason).

Movant alternatively contends that the "actual innocence" exception to the one-year limitations period excuses the untimeliness of his motion. A movant may prove actual innocence by showing that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Schlup v. Delo, 513 U.S. 298, 327 (1995). Under this standard, "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

doubt." Id. at 329. As evidence of his innocence, movant states that his defense counsel failed "to present the witnesses, evidence, and defenses set forth in [his § 2255 motion]" which raises "grave doubts about the jury's verdict." Doc. 1. The crux of movant's assertion of actual innocence appears to be that his attorneys failed to present evidence that Steven Whatley, a government witness at trial, was having an affair with movant's wife. See Doc. 8 (affidavits of Grant Balwanz and T.J. Ward). The government contends that this does not qualify as "new evidence" because the facts alleged occurred approximately two years prior to movant's trial. Doc. 9. Furthermore, the government argues that the majority of the testimony against movant was provided by another government agent, Agent Valoze, and his testimony was corroborated by ATF Agent John Limbach. Id. Thus, the government contends that the testimony of these two agents is sufficient to support the jury's verdict and that movant's current allegations do not amount to "new evidence" which undermines confidence in the results of movant's trial. Id.

The evidence that movant offers to establish his "actual innocence" appears to be an attempt to discredit one of the government witnesses who

testified against him at trial. "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, . . . a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The only contention that movant advances in support of his actual innocence claim is that a government witness at trial was having an affair with his wife and that fact calls the agent's credibility into question and creates "grave doubts about the jury's verdict in this case." Doc. 1. Such allegations, even if true, fail to persuade the Court that no reasonable juror would have found movant guilty if the defense had presented this evidence at trial. Moreover, the defense presented two witnesses at trial who testified that Whatley was untruthful, so the jury weighed the reliability of Whatley's testimony in rendering its verdict. See Drury, 396 F.3d at 1308 (at trial, movant called two character witnesses "who attested to Whatley's reputation for untruthfulness"). The evidence that movant offers in support of his instant claim of actual

innocence merely casts a shadow on the credibility of one of the government's witnesses, which the defense had previously challenged at trial, and does not call into question the substantive evidence presented by the government from two other witnesses. Without more, movant has failed to meet his burden of establishing that no reasonable juror would have voted to find him guilty beyond a reasonable doubt, and his assertions of actual innocence must fail.

## III. CONCLUSION

Based on the foregoing, movant's motion seeking relief pursuant to § 2255 is untimely. Movant has failed to demonstrate that the rare, extraordinary circumstances that justify equitable tolling exist in this case, and he has failed to establish his "actual innocence" in order to excuse the belated filing of his motion. Accordingly, the government's motion to dismiss should be GRANTED and the instant motion should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 7th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA